```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - X
                                                   01 Civ. 8636 (WCC)
MAHER MOBASHER,                         :

                Plaintiff,              :

        - against -                     :          OPINION
                                                   AND ORDER
BRONX COMMUNITY COLLEGE OF THE CITY     :
UNIVERSITY OF NEW YORK, et al.,
                                        :
                Defendants.
                                        :
- - - - - - - - - - - - - - - - - - - - - X
```

**A P P E A R A N C E S :**

        LAW OFFICES OF WAYNE J. SCHAEFER,
          LLC
        **Attorneys for Plaintiff**
        200 Motor Parkway, Suite A3
        Hauppauge, NY 11788

WAYNE J. SCHAEFER, ESQ.
    Of Counsel

        MICHAEL A. CARDOZO
        Corporation Counsel of the
          City of New York
        **Attorneys for Defendants**
        100 Church Street, Room 2-197
        New York, NY 10007

EAMONN F. FOLEY, ESQ.
  Ass't Corporation Counsel

    Of Counsel

**Copies   Mailed   to   Counsel   of   Record** _____

**CONNER, Senior D.J.:**

Before the Court is the application of defendants, Bronx Community College of the City University of New York, Carolyn Williams, Mary Coleman ("Coleman") and David Taylor ("Taylor"), for costs sought against plaintiff, Maher Mobasher ("Mobasher"), pursuant to Federal Rules of Civil Procedure 68 and 54(d) and 28 U.S.C. §§ 1920 and 1921. Defendants request costs incurred in the course of a civil rights action between the parties.

**BACKGROUND**

On or about October 3, 2001, plaintiff commenced this action by filing a Complaint alleging that defendants violated his civil rights by engaging in employment discrimination. On or about March 3, 2003, defendants served plaintiff with an Offer of Judgment pursuant to FED. R. CIV. P. 68, in the amount of $125,000 plus reasonable costs and attorney's fees. (Schaefer Decl. ¶ 4.) Plaintiff rejected this offer. (*Id*.) A jury trial commenced on February 2, 2004, before Judge Brieant, but a mistrial was declared following jury selection and the commencement of trial. (*Id*. ¶ 5.) A retrial of plaintiff's claims commenced on November 29, 2004 before this Court. (*Id*. ¶ 6.) Prior to the conclusion of the trial, plaintiff withdrew with prejudice all claims against defendant Taylor and all claims of gender discrimination as asserted against the remaining defendants. (*Id*. ¶ 7.) The trial concluded on December 3, 2004 with a jury verdict on all remaining claims in favor of the remaining defendants and a Judgment was entered on December 9, 2004. (*Id*.) On or about December 29, 2004, plaintiff filed a Notice of Appeal.

Defendants filed a Notice of Application For Costs on January 7, 2005 pursuant to Rules 54 and 68, in the amount of $5,755.13. Defendants' Application was stayed pending a disposition of

the plaintiff's appeal. On April 18, 2008, the Second Circuit issued a Mandate affirming the Judgment of this Court. Defendants filed this Notice of Application For Costs on May 14, 2008. Plaintiff opposed the Application via a letter to the Court dated June 2, 2008 with an accompanying Declaration of Wayne J. Schaefer dated May 27, 2008.

Defendants request the following costs: $2,568.03 for hearing and trial transcripts; $1,541.60 for the Mobasher deposition transcripts; $529.50 for the Coleman deposition transcript and $1,190.46 for lodging expenses incurred during the trials. Defendants total request is for costs in the amount of $5,755.13.[1]

---

[1] The requests are further broken down as follows:

Trial Transcripts
1. Invoice from TypeWrite Word Processing Service in the amount of $73.63 for a hearing date before Magistrate Judge Fox on January 23, 2003
2. Invoice from Accurate Transcription Service in the amount of $133.40 for two transcripts from September 13 and 30, 2003
3. Invoice from Fox Advertising, Inc. in the amount of $25.00 for filing defendants' request in district court on January 20, 2004
4. Invoice from Fox Advertising, Inc. in the amount of $25.00 for filing amendment to defendants' list of possible trial witnesses and exhibits in district court on January 27, 2004
5. Invoice from Fox Advertising, Inc. in the amount of $25.00 for filing defendants' list of possible trial witnesses and exhibits in district court on January 27, 2004
6. Invoice from Sue Ghorayeb, Court Reporter for the Southern District of New York, for daily transcript of trial on February 2, 2004 in the amount of $1,062.00
7. Invoice from Angela O'Donnell, Court Reporter for the Southern District of New York, for daily transcript of trial on November 29, 2004 in the amount of $1,224.00

Deposition Transcripts
1. Invoice from Benjamin Reporting Service for the deposition of Mobasher on October 25, 2002 in the amount of $923.00 ($775.00 for the original and one copy, $90.00 for 2 Attendances, $50.00 for 1 Min-U-Script and $8.00 for delivery)
2. Invoice from A.S.A.P./Veritext Reporting for the examination of Mobasher on December 18, 2002 in the amount of $618.60 ($558.60 for the original and 2 copies and $60.00 for the Appearance Fee)
3. Invoice from Alliance Reporting Service, Inc. for the deposition of Coleman on February 19, 2003 in the amount of $529.50 ($486.00 for the Min-U-Script, $15.00 for the ASCII Disk and $28.50 for overnight delivery)

Lodging Expenses

**DISCUSSION**

**I.     Standard of Review**

Pursuant to Rule 68(d), "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Rule 54(d)(1) provides, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." The Supreme Court has interpreted the word "costs" in Rule 54(d)(1) to mean only those categories of costs enumerated in 28 U.S.C. § 1920.[2] *See Crawford Fitting Co., v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). Local Civil Rule 54.1(c)(2) provides that taxable costs include, among other things, monies expended for trial transcripts and the original plus one copy of deposition transcripts "if the deposition was used or received in evidence at the trial."

The Court maintains sole discretion as to whether to award costs. *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995). After the prevailing party demonstrates that its costs fall

---

1. Invoices from The Crowne Plaza in White Plains, New York for Eamonn Foley that are illegible
2. Invoice from The Renaissance in White Plains, New York for Patricia Miller on February 2, 2003 in the amount of $165.00 and February 3, 2003 in the amount of $165.00

[2]  The costs enumerated in 28 U.S C. § 1920 are:
   (1) Fees of the clerk and marshal;
   (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
   (3) Fees and disbursements for printing and witnesses;
   (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
   (5) Docket fees under section 1923 of this title;
   (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

within an allowable category of taxable costs and the amount of those costs, that party enjoys a presumption that its costs will be awarded. *See Patterson v. McCarron*, 2005 WL 735954, at *1 (S.D.N.Y. Mar. 30, 2005) (citing *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001)). The losing party then has the burden to show that costs should not be imposed; "for example, costs may be denied because of misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources." *Whitfield*, 241 F.3d at 270.

**II.    Trial Transcripts**

To determine if it is appropriate to tax the trial transcripts as a cost in this case, the Court must determine "'whether the transcripts of plaintiff's trial testimony were necessary for defendant's use in the case.'" *Williams v. Cablevision Sys., Corp.*, 2000 WL 620215, at *1 (S.D.N.Y. May 12, 2000) (citing *Cohen v. Stephen Wise Free Synagogue*, 1999 WL 672903, at *1 (S.D.N.Y. Aug. 27, 1999); *see Bucalo v. E. Hampton Union Free Sch. Dist.*, 238 F.R.D. 126, 129 (E.D.N.Y. 2006). Daily transcripts of trial testimony are not customary and where they are a "mere convenience for counsel" they are not taxable against the losing party. *Williams*, 2000 WL 620215, at *2; *see John G. v. Bd. of Educ. of Mount Vernon Pub. Sch.*, 891 F. Supp. 122, 123 (S.D.N.Y. 1995). Although there were two trials in this matter, one commencing on February 2, 2004 and declared a mistrial after the start of evidence and one commencing on November 29, 2004 and concluding on December 3, 2004 with a jury verdict, neither one was overly long and at the first trial defendants had at least two attorneys present, as indicated by the invoices accompanied with the request for lodging. Defendants offer no reason why it was actually necessary, and not merely convenient, to obtain a daily transcript of the trial and absent such a justification defendants' request for these costs is

4

denied. *See Karmel v. City of New York*, 2008 WL 216929, at *3 (S.D.N.Y. Jan. 9, 2008) (electing not to impose costs of daily transcript on plaintiff where the trial was not long, at least two lawyers were present and defendants proffered no reason why daily transcripts were actually necessary); *Yin v. Japan Soc'y, Inc.*, 2000 WL 827671, at *2 (S.D.N.Y. June 27, 2000); *Williams*, 2000 WL 620215, at *2; *Morales v. Smith*, 1998 WL 352595, at *2 (S.D.N.Y. June 26, 1998).

Defendants also request costs for the transcript from a hearing on January 23, 2003, which it groups with the trial transcripts and argues were "necessarily obtained for the purposes of cross-examinations, preparing direct examinations, preparing defendants' motions and for preparing further argument at the close of evidence." (Foley 1/6/03 Decl. ¶ 13.) Plaintiff does not dispute that the transcripts were necessarily obtained for purposes of the trial. (Schaefer Decl. ¶ 12.) The docket indicates that on January 23, 2003 a pretrial conference was held before Magistrate Judge Fox. Defendants are therefore awarded the cost for that transcript in the amount of $73.63.

Defendants also request costs for transcripts from September 13 and 30, 2003, with the same justification. However, defendants do not explain what hearings were held on September 13 and 30, and there are no docket entries for those dates in the record. Therefore we deny defendants' request for the costs associated with those transcripts because defendants have not offered any explanation as to whether they were "necessarily obtained."

### III. Deposition Transcripts

Local Civil Rule 54.1 allows for deposition costs to be taxable in certain situations.[3] In

---

[3] Local Civil Rule 54.1(c)(2) provides, in pertinent part: "Unless otherwise ordered by a court, the original transcript of a deposition, plus one copy, is taxable if the deposition was used or received in evidence at the trial, whether or not it was read in its entirety."

addition, the question of whether the cost of deposition transcripts is taxable is subject to the overarching requirement of 28 U.S.C. § 1920 that the transcript be "necessarily obtained." *See Whitfield*, 241 F.3d at 271. Defendants argue that the deposition transcripts of Mobasher and Coleman were necessary for use and were used at trial. (Foley 1/6/03 Decl. ¶¶ 14-15.) Plaintiff does not dispute this. (Schaefer Decl. ¶¶ 13-14.) Local Civil Rule 54.1(c)(2) is clear in providing that only "the original transcript of a deposition, plus one copy, is taxable" so plaintiff cannot be taxed for the second copy of the Mobasher examination on December 18, 2002.

Plaintiff argues that the overnight shipping for the Coleman deposition is an unnecessary expense. (*Id.* ¶ 14.) We agree with plaintiff; not only is the cost unnecessary, but shipping fees are not provided for under Local Civil Rule 54.1. *See Yin*, 2000 WL 827671, at *2 (subtracting the "Appearance Fee" and the "Delivery Fee" from the costs of the deposition transcript because Local Rule 54.1(c)(2) limits recoverable costs to "'the original transcript of a deposition, plus one copy'") (citing *Sim v. N.Y. Mailers' Union No. 6*, 1999 WL 674447, *2 (S.D.N.Y. Aug. 30, 1999)); *Williams*, 2000 WL 620215, at *2. Therefore, defendants are entitled to: $775 for the original and one copy of the Mobasher deposition on October 25, 2002 (subtracting the cost for "Attendance(s)," "Min-U-Script Package(s)" and "Delivery"); $372.40 for the original and one copy of the Mobasher examination on December 18, 2002[4] (subtracting the cost for the additional copy and the "Appearance Fee") and $486 for the Min-U-Script of the Coleman deposition on February 19, 2003 (subtracting the cost for the "ASCII Disk" and "Overnight Delivery").

---

[4] The invoice charged $558.60 for the original and two copies. The charges are not itemized. Therefore, we divided the charge of $558.60 by three and arrived at the cost of $372.40 as an approximate cost for the original and one copy.

**IV.     Docket Fees**

The costs enumerated in section 1920 include docket fees under section 1923. 28 U.S.C. § 1923(a) states in pertinent part: "Attorney's and proctor's docket fees in courts of the United States may be taxed as costs as follows: $20 on trial or final hearing (including a default judgment whether entered by the court or by the clerk) in civil, criminal, or admiralty cases . . . ." Defendants submitted invoices from Fox Advertising for the following filing fees: $25 to file defendants' request in district court on 1/20/04; $25 to file amendment to defendants' list of possible trial witnesses and exhibits in district court on 1/27/04 and $25 to file defendants' list of possible trial witnesses and exhibits in district court on 1/27/04. Because the statute provides that docket fees may be taxed at $20 on trial in civil matters, we grant defendants' request for costs of these fees up to $20 per filing. Defendants are entitled to $60 in costs for docket fees.

**V.      Other Costs**

Defendants' request for reimbursement for the cost of lodging during the trials is denied as it is not an enumerated cost that may be taxed. *See Tokyo Electron Ariz., Inc. v. Discreet Indus. Corp.*, 215 F.R.D. 60, 66 (E.D.N.Y. 2003) ("To be compensable, a particular expense must fall into one of the categories of costs statutorily authorized for reimbursement.") (citing *Crawford Fitting*, 482 U.S. at 441-42).

**CONCLUSION**

For all of the foregoing reasons, it is hereby ordered that defendants' request for costs in the amount of $5,755.13 is reduced by $3,988.10, and that, therefore, costs totaling $1,767.03 shall be

paid by plaintiff to defendants.

SO ORDERED.

Dated: White Plains, New York
       July 28, 2008

*William C. Conner*
Sr. United States District Judge

8